### CRAFTS v DAY

Ohio Common Pleas, Lake Co

## OPINION

By SLOCUM, J.

This action was brought by the executrix of the last will and testament of John Shehan, deceased, against the treasurer of state and Augusta C. Knight, for a finding on the part of the court that the plaintiff is entitled to receive compensation from the Torrens Law Assurance Fund in the sum of $4,067.20 together with interest thereon at 6% per annum from December 29, 1933 for damages suffered by plaintiff's decedent.

The answer of the defendant Harry S. Day, as treasurer of the state of Ohio, admitted that funds have been paid into the state treasury pursuant to the provisions of the Land Title Registration Law of Ohio and that the amount of such funds so paid in is in excess of the amount prayed for in the plaintiff's petition and asked that strict proof be required concerning the matters alleged in the plaintiff's petition and that this defendant go hence with his costs. The answer of defendant Augustus C. Knight admitted the appointment of the plaintiff as executrix of the last will and testament of John Shehan, deceased; the execution of the note and mortgage as stated in the petition; that this defendant applied to the Probate Court of Lake County for registration of his title; that there is an assurance fund which has arisen from payments made by divers persons including this defendant in the state of Ohio upon the registration of their respective lands under the provisions of §8572-102-103, GC; and the defendant denied that he intended to defraud or did defraud said John Shehan or any other person but that he employed an attorney well versed in Torrens Registration of Titles to file his petition to the Probate Court for a Torrens Registration of Title, and an abstractor of titles to search the records of Lake County, a civil engineer for a survey of his lands, and paid these persons all for the purpose of obtaining safe and sound title and for the protection of all lienholders. Said defendant also admitted the regularity of his interest payments from 1916 down to and including December 29, 1929 and payments on principal as stated in plaintiff's petition. Then the defendant denied each and every other allegation contained in plaintiff's petition not herein specifically admitted and prayed that he be fully protected and for such other relief as the court can give.

The facts of the case were practically undisputed and are in substance as follows: On December 29, 1915, the defendant Knight purchased from John Shehan certain real estate situated in the township of Willoughby, Ohio and as partial payment therefor, and on the same date, executed and delivered to Shehan his promissory note in the sum of $4,200 secured by mortgage upon the premises so conveyed, which mortgage was recorded January 15, 1916 in Vol. 46 at page 454 of Lake County Records of Mortgages. The defendant Knight made some payments on the principal and made all interest payments up to December 29, 1929 and since that time no payments have been made, the mortgage has never been released and there is due thereon the amount set forth in the petition filed herein.

On September 23, 1922, said defendant filed a petition in the Probate Court of Lake County to register said real estate and other lands under the Torrens Law. John Shehan was not made a party defendant to said proceedings nor notified of the pendency of the action nor did he have any actual notice thereof. This petition did not mention said mortgage and the examiner of titles for Lake County failed to find the mortgage and reported to the Probate Court that the defendant Knight had good title to the premises as claimed in his petition and made the certificates required by law.

Thereupon on February 26, 1923, the court ordered the title to said premises to be registered in the name of Augustus C. Knight, and the original Torrens Certificate of Title was filed March 6, 1923 in the office of the Lake County Recorder in Vol. 2, page 37, No. 543. This last named certificate did not show the title to said premises to be subject to the lien of said mortgage, nor was any reference made to it, nor is any made to the same in any Torrens Certificate or memorandum on file in the recorder's office. Afterwards the premises were allotted and sold to various purchasers, no part of the same being now owned by said defendant.

During all the time from the date when said mortgage was given down to the date of his death, the said John Shehan was a resident of and actually lived in Willoughby Township, Lake County, Ohio, which fact was known to defendant Knight, who has been insolvent from the year 1929. The examiner of titles has long been deceased and his bond can not be found. The market value of the premises involved has at

all times been greater than the amount of the mortgage.

There is no question but what the plaintiff has suffered loss and damage by reason of the torrenization proceedings because of the failure to make John Shehan a party or to give him any notice whatever and because of the mistake of the examiner of titles in not discovering the existence of the mortgage and by reason of the failure to mention the same in the certificates which were made to the Probate Court, thus resulting in the title to the premises now standing in the names of various owners who have purchased the same relying upon Torrens Certificates of Title.

The only questions of law presented in this case are whether or not the provisions of §§8572-104, 8572-105, 8572-107, GC, etc., apply to this case and whether the finding of the Probate Court can be collaterally attacked, if it be so attacked by the case at bar. Apparently this case is one of first instance in this state and there appears to be no decisions in any other state involving these questions.

The court is of the opinion that this proceeding is not a collateral attack upon the finding of the Probate Court. It is true that the Probate Court found the title to be good and it is certain that up to the time the finding was made this mortgage was in full force and effect and that the certificate of title issued by the Probate Court and certified to the recorder, and the subsequent certificates made in the recorder's office on transfers made of the different portions of the premises are erroneous because of the omission to show the mortgage. However, it is to be noted that by the provisions of §8572-98, GC, the original certificate of title, when introduced in evidence, is conclusive as to all matters contained therein, except so far as otherwise provided in the Act. It would therefore seem that if any provision is elsewhere made in the Act for relief on account of fraud or error, or both, then the decree might not be conclusive in that respect because of the express provisions of the Act itself as found in §8572-98, GC. In the case at bar, however, no effort is made to set aside or modify the proceedings or findings of the Probate Court, but compensation is being sought under the statute for damages sustained because of the claimed fraud on the part of the defendant Knight and also because of the mistake of the examiner of titles by rea-

son of which fraud and mistake the erroneous decree was entered.

Coming now to the contention of counsel for the treasurer of state, that §8572-104 GC does not apply to this ██ case. It is the opinion of the court that this section provides for the protection of two classes of persons:

(a) one, a person, who sustains loss or damage through fraud or in consequence of any error, omission, mistake or misdescription in any certificate of title or in any entry or memorandum in the registration book, and

(b) the other, a person who is deprived of land or of any estate or interest therein, after the original registration of land, by the registration of another person as owner of such land or any estate or interest therein, through fraud or in consequence of any error, etc.

Counsel for the defendant, treasurer of state, contends that the words "after the original registration of lands" apply to both classes above mentioned. The court does not believe this to have been the intention of the legislature, but is of the opinion that said last quoted phrase modifies the phrase "or is deprived of land or of any estate or interest therein" only. In the first place, the court believes from the language used that the legislature in adopting this method of title registration intended to protect everyone interested who might suffer injury as a result of the operation of the Act. The estate of John Shehan, deceased, has now suffered just as serious injury as he himself would have suffered had the property been mortgaged to him after the registration, and then by fraud or mistake his rights had been invaded. It would seem that to draw so fine a distinction, as contended by counsel, and thereby deny his estate relief would be to deny him justice.

It is further to be noted that §8572-105 GC provides by its terms for relief because of any error, omission, mistake or misdescription "in any certificate of title or in any entry or memorandum." This relief would certainly include the original certificate. It is also to be noted that by the provisions of said section, if the action is brought because of any negligence, omission, mistake * * * of the recorder * * *, or of any examiner of titles in the performance of executive or ministerial duties, it is provided that the action shall be brought against the treasurer of state. etc. That provision expressly indicates that an

action may be brought because of an error of an examiner of titles whose work would have been done and whose error, if any, would have been committed before the original certificate of title was issued and before the original registration of land. This language indicates that §8572-104 GC was intended to and does include any interested person who without negligence on his part sustains loss or damage through fraud or in consequence of error, omission or mistake, in the proceeding to register lands either in the original or subsequent certificates filed. It appears to the court that in this case there is no question as to there having been a mistake and that the action of Mr. Knight constituted a constructive fraud in the matter complained of.

It is therefore the opinion of the court that the plaintiff is entitled to compensation from the assurance fund in the hands of the treasurer of state, and that therefore judgment should be rendered for the amount claimed against the defendant Augustus C. Knight and that in the event execution is returned against the said defendant unsatisfied and a certificate made by the officer returning the execution that the amount due upon the execution can not be collected except by application to the indemnity fund, that a final judgment then be rendered against said defendant the treasurer of state for the determined amount.

Prevailing counsel will therefore draw a journal entry in accordance with this opinion, noting proper exceptions and submit the same to opposing counsel and the court for approval.